907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. BROCK, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellee,
and
Jerry Tucker, Intervenor-Appellee Cross-Appellant,
v.
UNITED AUTOMOBILE WORKERS, INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, Defendant-Appellant.
 Nos. 89-1754, 89-1762.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1990.
 
 Before KRUPANSKY and ALAN E. NORRIS, Circuit Judges, and WENDELL A. MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-intervenor Jerry Tucker appeals from the order of the district court disposing of his application for costs and attorneys' fees. Defendant International Union, in open court, withdrew its appeal.
 
 
 2
 In awarding a portion of the attorneys' fees sought by Tucker, the district judge adopted the magistrate's Report and Findings as Special Master which essentially divided consideration of the application into three components: reasonable hourly rate, reasonable hours expended, and costs of litigation.
 
 
 3
 Tucker first complains that the district court erred in approving an hourly rate of $135 instead of the $165 sought for his lead counsel, Joseph A. Yablonski. As we are unable to say the district court abused its discretion in this determination, that portion of the order is affirmed. Similarly, as the determination of the number of compensable hours that should be allowed is not clearly erroneous, we reject Tucker's argument in that regard and affirm that determination by the district court.
 
 
 4
 However, since the district court erred as a matter of law in denying Tucker's application for litigation costs of $4,901.44 incurred by his Washington, D.C. attorneys, that portion of the order must be reversed. Northcross v. Bd. of Educ. of the Memphis City Schools, 611 F.2d 624, 639 (6th Cir.1979), cert. denied, 447 U.S. 911 (1980). In all other regards, the order of the district court is affirmed.
 
 
 5
 The order of the district court is affirmed in part and reversed in part, and this cause is remanded to the district court with instructions to amend its order by including an award of $4,901.44 in litigation costs to Tucker's Washington, D.C. attorneys.
 
 
 6
 William Brock and Jerry Tucker v. United Automobile Workers, Nos. 89-1754/1762
 
 
 7
 KRUPANSKY, Circuit Judge, concurring in part and dissenting in part. Because the district court failed to properly evaluate the value of the legal services provided by Tucker's counsel and because it failed to properly determine and apply a reasonable prevailing hourly rate for these services, I dissent from that part of the panel majority's opinion which affirms the district court's award of a $135 hourly rate of compensation for Tucker's counsel. Attorneys' fees under the common benefit theory in LMRDA cases are, like fees awarded to prevailing parties in civil rights litigation under 42 U.S.C. Sec. 1988, to be calculated in accord with "the prevailing market rates in the relevant community...." Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547 (1984); accord Kelley v. Metropolitan County Bd. of Educ., 773 F.2d 677, 683 (6th Cir.1985) (en banc). The district court, in adopting the magistrate's report and recommendations, failed to make any express findings with respect to the applicable prevailing community rate. Moreover, the record indicates that, in defending this suit, the Union compensated its counsel at a rate of $150 per hour for identical legal services, thus seriously undermining the district court's tacit determination that the prevailing community hourly rate for this type of specialized litigation was considerably less than the $165 that Tucker had requested. In any event, Tucker's counsel should, at the very least, have been compensated at the same $150 rate that the Union deemed reasonable in paying for its legal representation in this case. In view of these observations, I conclude that the choice of the hourly rate awarded by the district court constituted an abuse of discretion. I concur in the balance of the majority's opinion.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior United States District Judge for the Western District of Michigan, sitting by designation